UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD STAFFNEY, #122425,

    Plaintiff,

                                CASE NO. 2:11-CV-14946
v.                             HONORABLE MARIANNE O. BATTANI

DIRECTOR HINES, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION
FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE
FILING FEE AND DISMISSING HIS CIVIL RIGHTS COMPLAINT**

**I.**    **Introduction**

Michigan prisoner Harold Staffney ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed without prepayment of fees or costs so that he may proceed without prepayment of the $350.00 filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff challenges a prison disciplinary proceeding and decision. The actions giving rise to the complaint occurred while he was confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff names the Director of the Michigan Department of Corrections and several prison officials as defendants in this action and sues them in their individual and official capacities. He seeks monetary damages, injunctive relief, and other appropriate relief.

**II.**    **Discussion**

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321

(1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed more than three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Staffney v. Allen*, No. 1:97-CV-891 (W.D. Mich. June 18, 1998); *Staffney v. Benson*, No. 4:96-CV-55 (W.D. Mich. March 12, 1996); *Staffney v. Caruso*, No. 2:95-CV-98 (W.D. Mich. July 28, 1995); *Staffney v. Glynn*, No. 1:94-CV-56 (W.D. Mich. Feb. 11, 1994). Although some of the dismissals were entered before the PLRA's enactment in 1996, such dismissals nevertheless count as strikes. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Moreover, Plaintiff has been put on notice that he is a three-striker and has had a case dismissed pursuant to 28 U.S.C. § 1915(g). *See Staffney v. Bayne, et al.*, No. 4:04-CV-41 (W.D. Mich. April 12, 2004). Consequently, Plaintiff is a "three-striker" who cannot proceed without

prepayment of the filing fee unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has neither alleged nor established that he "is under imminent danger of serious physical injury" so as to fall within the exception to the three strikes provision set forth in 28 U.S.C. § 1915(g). His current complaint concerns a prison disciplinary proceeding and decision. Plaintiff has thus failed to demonstrate that he should be allowed to proceed *in forma pauperis* despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted. The Court shall therefore deny him leave to proceed without prepayment of the filing fee and dismiss his complaint.

### III.     Conclusion

Accordingly, for the reasons stated, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee. The Court also **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served on the defendants or summarily dismissed under 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). This case is closed.

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

Dated: November 22, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Plaintiff via ordinary U.S. Mail

                                        s/Bernadette M. Thebolt
                                        Case Manager